# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *   *
EUGENIO PAULO DE SOUZA,              *
                                     *   No. 17-100V
                 Petitioner,         *
                                     *   Special Master Christian J. Moran
                                     *
v.                                   *   Filed: July 3, 2018
                                     *
SECRETARY OF HEALTH                  *   Attorneys' fees and costs
AND HUMAN SERVICES,                  *
                                     *
                                     *
                 Respondent.         *
* * * * * * * * * * * * * * * * * *   *
```

<u>Carol L. Gallagher</u>, Linwood, NJ, for Petitioner;
<u>Voris E. Johnson,</u> United States Dep't of Justice, Washington, DC, for Respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Eugenio Paulo De Souza prevailed in a claim brought in the National Childhood Vaccine Compensation Program.  He is now seeking an award for attorneys' fees and costs.  He is awarded $11,007.78.

\*       \*       \*

Represented by attorney Carol L. Gallagher, Mr. De Souza filed a petition on January 23, 2017, alleging that an influenza vaccination caused him to suffer from Guillain-Barré syndrome.  The parties resolved the case informally and

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

presented a stipulation that was incorporated by a decision.  <u>Decision</u>, 2018 WL 945862 (Jan. 26, 2018).

On March 15, 2018, Mr. De Souza filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $33,643.42, comprised of $32,993.50 in attorneys' fees, $514.55 in costs borne Ms. Gallagher's firm, and $135.37 in costs Mr. De Souza incurred personally.

The next day, the Secretary filed a response to Mr. De Souza's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed March 16, 2018, at 2.  With respect to the amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  <u>Id.</u> at 3.

This matter is now ripe for adjudication.

\*        \*        \*

Because Mr. De Souza received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## I.  Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A.    Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349.

There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, Ms. Gallagher's work was done outside of the District of Columbia.

Mr. De Souza requests compensation for one attorney, Ms. Gallagher. Ms. Gallagher has not included any request for paralegal work. Ms. Gallagher seeks compensation at an hourly rate of $350, $363, and $400 per hour for her work in 2016, 2017, and 2018 respectively.

The proposed rate of compensation exceeds what some special masters have awarded. The foundational decision for Ms. Gallagher's hourly rate is <u>Gonzalez v. Sec'y of Health & Human Servs.</u>, No. 14-1072V, 2015 WL 10435023 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). <u>Gonzalez</u> analyzed Ms. Gallagher's experience to determine that a reasonable hourly rate for her work in 2015 was $315 per hour. <u>Id.</u> at *8-12. Due to the thoroughness of its analysis, <u>Gonzalez</u> is persuasive.[2]

<u>Gonzalez</u> serves a starting point for determining a reasonable hourly rate for years after 2015. Based upon <u>Gonzalez</u>, a reasonable hourly rate for Ms. Gallagher in 2016 is $318 per hour. <u>Kerrigan v. Sec'y of Health & Human Servs.</u>, No. 16-270V, 2016 WL 7474133, at *3 (Fed. Cl. Spec. Mstr. Nov. 7, 2016) (using CPI as an inflation index), <u>mot. for reconsideration denied</u>, 2016 WL 7575240 (Fed. Cl. Spec. Mstr. Nov. 22, 2016).

The 2016 hourly rate, in turn, can be adjusted using the PPI-OL for determining a reasonable hourly rate for 2017. The increase in PPI-OL for 2017 is approximately 3 percent, meaning that a reasonable rate for Ms. Gallagher's work in 2017 is $327.30 per hour. The increase in PPI-OL for 2018 is also

---

[2] While Ms. Gallagher cites other cases in which she was awarded higher hourly rates, those decisions lack the detailed analysis found in <u>Gonzalez</u>. The undersigned has also considered the affidavits from two attorneys indicating that $400 per hour is a reasonable hourly rate. However, these affidavits are conclusory and provide little basis (and certainly no persuasive basis) for deviating from the sound analysis in <u>Gonzalez</u>.

approximately 3 percent, meaning that a reasonable rate for Ms. Gallagher's work in 2018 is $338.33 per hour.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV.  Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests.  See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties"); Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011).

Attorneys should not charge for the performance of secretarial / clerical tasks.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).  One example of a clerical task for which a charge is not appropriate is filing documents.  Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

4

Here, the Secretary did not directly challenge any of the requested hours as unreasonable. In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Ms. Gallagher's timesheets present little information that demonstrates the reasonableness of her activities.  Many entries are something like "Preparation of e-mail to client."  This entry does not describe the purpose or the topic of communication.  As a result, it is not clear whether the communication required the advanced skills of an attorney or could be accomplished by a paralegal.  Given the posture of the case, it is likely that a paralegal could have handled the communication, especially when the topic concerned gathering medical records. Furthermore, the vagueness in entries cannot be excused on account of the communication being with Ms. Gallagher's client because "[A]dequately identif[ing] the purpose of these activities" does "not in most cases invade the attorney-client privilege when applied to client communications." Avgoustis, 639 F.3d at 1344-45.

Ms. Gallagher has been criticized for charging attorney rates for work that a paralegal or secretary could perform and for creating entries that are so vague that their reasonableness cannot be easily assessed. Ploughe v. Sec'y of Health & Human Servs., No. 14-626V, 2017 WL 4455632, at *4 (Fed. Cl. Spec. Mstr. Sep. 11, 2017) (reducing fees by 15 percent); Gonzalez, 2015 WL 10435023, at *13-14 (also finding a reasonable rate for paralegals to be $80 per hour).

In this case, the number of hours will be reduced by 35 percent.  Ms. Gallagher has previously informed about the deficiencies in how she records her time and, it appears that, Ms. Gallagher has not changed her practice.  In addition, to the extent information about Ms. Gallagher's work can be gleaned from the timesheets, much of the work could have been performed by a paralegal, whose hourly rate would be approximately 25 percent of Ms. Gallagher hourly rate, and some work appears to be clerical for which there should be no charge.  Under these circumstances, a reasonable estimate of the number of hours to reduce is 35

percent.  See Fox v. Vice, 563 U.S. 836, 838 (2011) (indicating that trial courts may use "rough justice" in awarding attorneys' fees).

After adjustments for the hourly rate and number of hours, Mr. De Souza is awarded $10,357.86 in attorneys' fees.

## II.    Costs

In addition to seeking an award for attorneys' fees, Mr. De Souza seeks compensation for costs (his own costs incurred personally and his attorney's costs) expended, totaling $649.92.  The costs are for routine items such as medical records and the filing fee, are reasonable and adequately documented.  Mr. De Souza is awarded them in full.

*        *        *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $11,007.78 ($10,357.86 in fees and $649.92 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $11,007.78 in attorneys' fees and costs.  This shall be paid as follows:

> **a.  A lump sum of $10,872.41 in the form of a check made payable to petitioner and petitioner's attorney, Carol Gallagher, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and**

> **b.  A lump sum of $135.37 in the form of a check made payable to petitioner alone for costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.